IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, as Subrogee of ROBERT L. STARK ENTERPRISE, INC. | : : : : | Case No.: |
| One Hartford Plaza<br>Hartford, Connecticut 06155 | : : : | Judge |
| PLAINTIFF, | : : | |
| vs. | : : | |
| RHEEM MANUFACTURING COMPANY | : : : | |
| 1100 Albernathy Road, Suite 1700<br>Atlanta, Georgia 30328 | : : : | |
| DEFENDANTS. | : | |

**COMPLAINT WITH JURY DEMAND**

Plaintiff, HARTFORD FIRE INSURANCE COMPANY, as subrogee of ROBERT L. STARK ENTERPRISES, INC. ("Plaintiff"), by and through the undersigned counsel, and for its Complaint against Defendant, RHEEM MANUFACTURING COMPANY, alleges as follows:

**THE PARTIES**

1. At all times relevant, Plaintiff HARTFORD FIRE INSURANCE COMPANY ("The Hartford") was a Connecticut corporation, organized and existing under the laws of the State of Connecticut, with a principal place of business located at One Hartford Plaza, Hartford, Connecticut. At all times relevant, The Hartford was authorized to transact business and issue insurance policies throughout the State of Ohio.

1

2. At all times relevant, Defendant RHEEM MANUFACTURING COMPANY ("RHEEM") was and is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 1100 Abernathy Road, Suite 1700, Atlanta, Georgia.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1332(a), in that the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred within this judicial district, and the property that is the subject of the action is situated within this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

5. At all times relevant, The Hartford's insured, ROBERT L. STARK ENTERPRISES, INC. ("STARK"), owned/operated an upscale mall/shopping complex commonly known as "Crocker Park" located at or near the intersection of Crocker Road and Detroit Road in the City of Westlake, Cuyahoga County, Ohio (hereinafter referred to as the "Subject Premises").

6. In approximately late summer of 2022, a Rheem hot water heater (the "Rheem Water Heater") was installed in a vacant residential unit above the GAP store within the Subject Premises.

7. The Rheem Water Heater is/was manufactured, assembled, distributed, sold, and/or designed by RHEEM.

8. On or about October 3, 2022, the drain valve for the Rheem Water Heater failed, which caused water intrusions throughout the Subject Premises, thereby causing substantial

property and other damages to STARK's property (hereinafter referred to as the "Subject Damages").

9. The Rheem Water Heater was unreasonably dangerous and defective when it was placed into the stream of commerce by RHEEM.

10. At all relevant times herein, the Rheem Water Heater was being used in its intended and reasonably foreseeable purpose.

11. The Rheem Water Heater was not altered, modified and/or abused at any time prior to the subject water loss.

12. At all times relevant hereto, The Hartford issued a policy of insurance to its insured, STARK, providing, among other coverages, property damage coverage for the Subject Premises. Said policy of insurance provided for the right of subrogation in favor of The Hartford upon making payment and to the extent of same.[1]

13. As a result of the Subject Damages, STARK submitted its property and related damage claim in excess of $600,000.00 to The Hartford, which, pursuant to its policy of insurance with STARK, The Hartford paid.

14. The Hartford is now subrogated to the rights of its insured, STARK, by virtue of its payments, and to the extent of its payments.

## COUNT I – STRICT PRODUCT LIABILITY AGAINST RHEEM

15. Plaintiff repeats and re-alleges paragraphs 1 through 14 as though fully set forth herein.

---

[1] Policy is not attached due to size but will be provided upon request.

16. At all relevant times herein, the Rheem Water Heater was defective and unreasonably dangerous when it left RHEEM's possession and control and entered the stream of commerce, in one or more of the following ways:

(a) The Rheem Water Heater contained a defect that caused it to fail without warning;

(b) The Rheem Water Heater contained a defect in that the gasket for the drain valve was broken;

(c) The Rheem Water Heater contained a defect in that the gasket for the drain valve was missing an entire section.

17. As a direct and proximate result of one or more of the defective conditions referenced in Paragraph 16, the drain valve for the Rheem Water Heater on October 3, 2022, failed, causing the Subject Damages.

18. The Hartford, pursuant to its policy of insurance, made payments, which were reasonable in amount and necessarily incurred as a result of the incident more fully set for herein for, *inter alia*, to repair the damaged property and to reimburse STARK for its related damage claims, and it is therefore subrogated to the rights of its insured, STARK, as against RHEEM.

WHEREFORE, Plaintiff, HARTFORD FIRE INSURANCE COMPANY, as subrogee of ROBERT L. STARK ENTERPRISES, INC., prays this Honorable Court enter Judgment in its favor and against Defendant, RHEEM MANUFACTURING COMPANY, for its damages, pre- and post-judgment interest, costs, and all other amounts and relief to which it is entitled.

## COUNT II – NEGLIGENCE AGAINST RHEEM

19. Plaintiff repeats and re-alleges paragraphs 1 through 14 as though fully set forth herein.

20. At all relevant times herein, RHEEM had a duty to exercise reasonable care and caution and to comply with the existing standards of care in the design, assembly, manufacturing, distribution, supply and/or sale of the Rheem Water Heater which RHEEM introduced into the steam of commence.

21. At the subject time and place, RHEEM, by and through its employees and agents, breached this duty of care by engaging in one or more of the following negligent acts or omissions:

   a. Placed the Rheem Water Heater into the stream of commerce when the Rheem Water Heater was insufficiently/improperly designed/manufactured/assembled and unsafe for normal and intended use;

   b. Negligently marketed/sold/supplied/assembled/manufactured the Rheem Water Heater when it knew or should have known that said product was unsafe for its intended use;

   c. Negligently designed, assembled, manufactured, supplied, distributed and/or sold a product that was not in conformance with industry standards;

   d. Negligently designed, marketed, manufactured, assembled, distributed and/or sold the Rheem Water Heater which contained a defect in that the gasket for the drain valve was broken;

   e. Negligently designed, marketed, manufactured, assembled, distributed and/or sold the Rheem Water Heater which contained a defect in that the gasket for the drain valve was missing an entire section.; and/or

   f. RHEEM was otherwise careless and negligent in the design, marketing and/or sale of the Rheem Water Heater.

22. As a direct and proximate result of any one or more of the above negligent acts or omissions, the Rheem Water Heater failed and caused considerable property damage to the Subject Premises and the property of STARK located therein.

23. As a direct and proximate result of the above, The Hartford was called upon and paid, pursuant to its policy of insurance with STARK, in excess of $600,000.00, for the property and related damage sustained at the Subject Premises.

24. The Hartford is now subrogated to the rights of its insured, STARK, by virtue of its payments, and to the extent of its payments, to STARK.

WHEREFORE, Plaintiff, HARTFORD FIRE INSURANCE COMPANY, as subrogee of ROBERT L. STARK ENTERPRISES, INC., prays this Honorable Court enter Judgment in its favor and against Defendant, RHEEM MANUFACTURING COMPANY, for its damages, pre- and post-judgment interest, costs, and all other amounts and relief to which it is entitled.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to each and every claim for which it is so entitled.

Respectfully submitted,

CREHAN, THUMANN & HILLERICH

*/s/ Robert J. Thumann*
Robert J. Thumann (0074975)
Laura I. Hillerich (0075151)
404 E. 12th Street, 2nd Floor
Cincinnati OH 45202
Office 513-381-5050
Fax 513-381-1700
thumann@ctlawcincinnati.com
hillerich@ctlawcincinnati.com
*Attorneys for Plaintiffs*